**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBRA D. COOPER, | ) | CASE NO. ED CV 06-00651 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff asserts that the Administrative Law Judge erred by failing to consider lay witness testimony, by improperly finding her not credible, and by failing to call a vocational expert. Although the Court disagrees with most of Plaintiff's arguments for reversal, a recent Ninth Circuit decision appears to require a remand as to one of the lay witness statements.

Plaintiff's current claim is at least her third. The prior two claims failed – the first denial having gone unappealed, and the second challenged unsuccessfully in this Court, *see Cooper v. Barnhart*, No. ED CV 05-0205 RZ (Judgment entered July 5, 2006) – a fact that creates a presumption of continuing nondisability. Plaintiff based her more recent prior claim on spinal stenosis, bone spurs, back and neck pain and lower lumbar degenerative disease, coupled with depression and anxiety. *See* Administrative Record ("AR") 10, 13, 129. Her current claim asserts similar bases for disability. *See* AR 383.

Plaintiff may rebut the presumption of continuing nondisability by presenting evidence of changed circumstances. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). The claimant has the burden of showing such changed circumstances. *Id.*; *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). Such changed circumstances can consist of an increased severity of an impairment which was previously considered, *Taylor, supra*, or of a *different* impairment from the one considered when the prior nondisability determination was made, *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988), or of the passage of time which thereby changes the vocational classification appropriate for a person of a certain age, *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).

As this Court observed in the prior action,

> An August 12, 2002 decision by the Administrative Law Judge, which went unappealed and therefore became final, established that Plaintiff was not disabled and had a residual functional capacity for a range of light work. [Citation.] The decision here concerns an application that was filed four days later. The Administrative Law Judge in the present case determined that Plaintiff had suffered some physical deterioration in August 2003, but that the changes did not last a period of twelve months or longer, and therefore the prior determination was entitled to res judicata effect. [Citation.] Under Social Security law, this determination was correct, *see Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and it meant that the prior residual functional capacity finding continued to govern.

Mem. Op. And Order in *Cooper v. Barnhart*, No. ED CV 05-0205 RZ (July 5, 2006).

///

///

## I.

## PLAINTIFF'S CREDIBILITY

Plaintiff contends that the Administrative Law Judge erred in finding her subjective accounts not credible. AR 302, 303. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). Among other factors, the Administrative Law Judge properly may base credibility findings on a claimant's reputation for truthfulness and any inconsistencies between her subjective account, on the one hand, and, on the other hand, her conduct, routine activities, and reports from physicians and others about the nature and severity of the claimant's symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the Administrative Law Judge complied with these standards. He explained his credibility finding in the following passage, which is supported by substantial evidence (and which, perhaps more importantly, follows numerous background paragraphs demonstrating additional gaps between Plaintiff's claimed maladies and the objective medical evidence):

> At the hearing, the claimant's testimony was not generally credible. She alleged she had chronic pain in the neck, back, right knee and left hand. She also alleged face swelling, asthma, sleep apnea and tremors in her hands and head. Many of these allegations were not supported by the medical evidence[,]

> including tremors in her head and face swelling. She alleged visual impairment that was not supported by the medical evidence.

AR 302 (internal citation omitted). In sum, although the opinion would have been more resilient had it cited and briefly explained the prior credibility findings against Plaintiff, *see* AR 14-15 (January 2004 opinion finding Plaintiff's complaints exaggerated), 85 (August 2002 opinion finding Plaintiff's "allegations of debilitating impairments" not credible, in part because of her routine activities, including attendance at all of her 9-year-old son's Little League games), it suffices nevertheless by stating, with substantial evidentiary support, that Plaintiff simply claimed to have multiple maladies for which there was no objective medical evidence.

## II.
## THIRD-PARTY QUESTIONNAIRES

Plaintiff complains that "the ALJ discussed neither the [third-party] questionnaire completed by Ms. Alexander, Plaintiff's friend, nor the one prepared by her uncle, Mr. Joyce." An Administrative Law Judge is not required to mention every item in a claimant's record; a failure to address some items is not tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such testimony can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law Judge thus may reject such testimony only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Failure by an Administrative Law Judge to discuss substantial favorable statements by third-party witnesses may be considered "harmless error" only if the reviewing court "can confidently conclude that no reasonable

ALJ, when fully crediting the [undiscussed lay] testimony, could have reached a different disability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006).

### A. Ms. Alexander

Plaintiff's argument as to Ms. Alexander is a frivolous rehash: the Court rejected precisely that argument in its affirmance of the *prior* administrative denial, explaining that –

> [t]he statement of the lay witness [Alexander] did not establish more significant changed circumstances. Indeed, the lay witness's statement was made in January 2003 [AR 154], and a month later a consulting physician determined that Plaintiff had a functional capacity quite similar to that found by the Administrative Law Judge the previous August. [AR 239] The Administrative Law Judge noted this result in his decision [AR 12], thus giving the evidence behind a conclusion that there were not changed circumstances, other than the temporary ones which took place in September 2003, when Plaintiff fell.

Mem. Op. And Order in *Cooper v. Barnhart*, No. ED CV 05-0205 RZ (July 5, 2006). Plaintiff's argument has not improved with age or repetition. The Court will not revisit its prior finding.

### B. Mr. Joyce

Plaintiff's uncle, Mr. Joyce, indicated in March 2004 that he saw Plaintiff twice a week for shopping and a visit, and that she needed a cane, walker and wheelchair. *See* AR 374-82. If "fully credit[ed]," *see Stout*, *supra*, these statements would support Plaintiff's argument that her condition had markedly worsened since her most recent prior

claim was denied. Defendant advances several possible infirmities in the uncle's statements. While it is possible that the Administrative Law Judge properly will deny benefits on remand for those reasons or others, the Court is limited to the rationales stated by the Administrative Law Judge in his opinion, and may not look to the *post hoc* explanations offered here. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). *Stout* requires a limited-scope remand to clarify this matter.

### III.
### VOCATIONAL EXPERT

Given its determination that remand is required, the Court does not address Plaintiff's remaining argument that the Administrative Law Judge improperly relied solely on "the Grids" instead of obtaining testimony from a vocational expert. On remand, the Administrative Law Judge may wish to consider that argument.

### IV.
### CONCLUSION

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Opinion.

DATED: September 10, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE